Matthias, J.
 

 The Court of Appeals found the only-reversible error arises out of the portion of the general charge respecting the issue of contributory negligence of the plaintiff. If this conclusion be assumed to be correct, the first question presented is the applicability of the so-called two issue rule. Concededly it does apply and would warrant judgment in favor of the defendant, but for the answer of the jury to the interrogatory submitted wherein they specifically found against the plaintiff upon the issue of contributory negligence. Let us therefore consider what the two issue rule is and the reason for its adoption and application. A general verdict for a party is a favorable finding upon all the issues, and in a case where the issues are such that a finding for a party on either of them would entitle him to the judgment rendered in his favor, such judgment will not be reversed for error in instructions of the court relating exclusively to another issue. In the more recent cases in this court it has been held that such principle would be applied where there is a general verdict and no disclosure by answers to interrogatories or otherwise upon which issue the verdict was based, thus disregarding error not shown to have affected the result. Here by answer to an interrogatory submitted upon request of the defendant it is disclosed that the jury found against the plaintiff upon the issue of his negligence as a direct or contributing cause of the collision, in the submission of which issue it is contended error prejudicial to plaintiff was committed. It may be true that the jury also found that defendant was not negligent, but to hold that the court will not
 
 *516
 
 inquire whether prejudicial error was committed in the submission of an issue upon which it is made clear that the jury found against plaintiff would disregard the very reason for the rule. Although adhering to the principle frequently announced and recently applied in negligence cases in
 
 Knisely
 
 v.
 
 Community Traction Co.,
 
 125 Ohio St., 131, 180 N. E., 654, and
 
 Binder
 
 v.
 
 Youngstown Municipal Ry. Co.,
 
 125 Ohio St., 193, 180 N. E., 899, we have no inclination to further extend its application. If prejudicial error is committed in the submission of an issue which it clearly appears was decided by the jury against the plaintiff, the verdict should not be sustained though it is possible the finding upon some other issue submitted without error was also against the plaintiff.
 

 We therefore take up for consideration the portion of the general charge in question. It is as follows: “Now, ladies and gentlemen of the jury, these sections of the General Code and these ordinances of the City of Toledo which have been read to you fix the duty of the plaintiff while he was riding his motorcycle at the time and place set forth in his amended petition, and a violation of said statute or of said ordinances in any particular proximately causing injury and damage to plaintiff would constitute contributory negligence, or failure to exercise ordinary care.”
 

 The provisions of the General Code and of ordinances of the city of Toledo therein referred to which are pertinent are as follows: Section 12603, General Code, which provides: “No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway and of any other conditions then existing, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.
 

 
 *517
 
 “It shall he prima facie lawful for the operator of a motor vehicle to drive the same at a speed not exceeding the following:
 

 “Twenty miles per hour in the business or closely built-up portions of a municipal corporation.
 

 < < Thirty-five miles per hour in all other portions of a municipal corporation.
 

 “Forty-five miles per hour on highways outside of municipal corporations.
 

 “It shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations. * * *”
 

 Also the following sections of Ordinance 4034 of the city of Toledo: ‘ ‘ Sec. 32. The driver of a vehicle before passing another vehicle going in the same direction shall give a timely, audible signal.”
 

 “Sec. 45. Reckless driving within the meaning of this ordinance shall be deemed to include the following offenses which are hereby prohibited: * * *
 

 “(c) Driving a vehicle when it is not under control. * # #
 

 “(e) Passing another vehicle at street intersections while said vehicle is going in the same direction, except at street intersections at which a traffic control light is installed or unless directed by a traffic officer.”
 

 “Sec. 60. Police vehicles, fire apparatus and ambulances while in service shall have the right of way in a street and the driver of a vehicle shall drive to the right curb of the street in the direction he is going and remain at a standstill, and street cars shall stop under like conditions, until such fire apparatus, police patrol or ambulance shall have passed or stopped. ’ ’
 

 It is to be observed that by the portion of the general charge above quoted the jury was instructed that “a violation of said statute or of said ordinances in any particular proximately causing injury and damage to plaintiff would constitute contributory negligence, or failure to exercise ordinary care.” The attention of the jury had been particularly directed to the provi
 
 *518
 
 sions of the statute and ordinance immediately theretofore quoted. Our question, therefore, is whether such instruction was error prejudicial to the rights of the plaintiff, in the determination of which question other portions of the charge, both before and after argument, are to be taken into consideration.
 

 Preceding the general instruction above quoted, the court had charged the jury as follows: “Now, there is this further provision of the law, ladies and gentlemen of the jury, which, while it is not pleaded, it does not appear in the pleadings, nevertheless, the state of the record warrants the court in charging you upon that particular phase of the law, and that is that although the defendant may be guilty of negligence, the plaintiff cannot recover if he himself was guilty of negligence causing the injury, or, in other words, if he is guilty of what is called contributory negligence; that is to say if by his failure to exercise ordinary care and caution under the circumstances, he directly contributed to produce the injuries which he suffered.
 

 “Now, it was the duty of the plaintiff as he was driving his motorcycle upon the streets of the City of Toledo at said time and place, to exercise ordinary care for his own safety, that is to say, that degree of care which ordinarily careful and prudent people are accustomed to use under the same or similar circumstances ; and it is for you, the jury, to determine from all the evidence whether the plaintiff was at said time and place in the exercise of ordinary care as the circumstances under all the evidence required.”
 

 The claim of error in such charge is predicated primarily upon the theory that a police officer in the pursuit of an alleged law-violating speeder is exempt from the requirements of any of such regulations and that he not only incurs no liability, either criminal or civil, by reason of the violation thereof, but that he may recover- damages for injuries sustained by him, even though his own violation of those statutory and
 
 *519
 
 ordinance provisions directly contributed to cause his injury and damage.
 

 There is some support for the contention that a motorcycle policeman is not bound to observe traffic regulations, either ordinance or statute, while in the discharge of his duties as such officer. That he is exempt from prosecution criminally for such violation is generally held, even though there is no such exemption stated in the statute or ordinance. It is quite another thing, however, to hold that such officer may recover damages for injury proximately caused or contributed to by his own violation of ordinances and statutes enacted for the protection of the public. If he can, then it would follow that if a collision occur as a result of a violation of the very same statute or ordinance by such officer and a driver of an automobile, causing injury to both, the officer could recover from such driver upon the theory that the same act was negligent as to one but not as to the other. We are not in accord with that view.
 

 Whether the violation of such statute or ordinance
 
 in any particular
 
 would constitute negligence if committed either by an officer or by another person is a different question. Let us examine the charge in that respect.
 

 What would constitute a violation of Section 12603, General Code? This is a statute regulating and limiting speed in the operation of motor vehicles. There is no specific limitation or requirement therein, however, except that providing that “no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.”
 

 In all other respects the only test prescribed by the statute to determine whether speed is unlawful is whether it is greater or less than that which is “reasonable or proper, having due regard to traffic, surface and width of the road or highway and of any other
 
 *520
 
 conditions then existing”. Though this statute declares what speed shall be
 
 prima facie
 
 unlawful, still the ultimate test prescribed by statute is whether it is “a speed greater or less than is reasonable or proper” under existing conditions.
 

 A violation of these provisions, therefore, consists in operation at a speed greater or less than is reasonable or proper under existing conditions, which is a question to be submitted to and determined by the jury. Hence, it is not strictly proper to refer to such act as negligence
 
 per se.
 
 It is true that some confusion has arisen as to what constitutes negligence
 
 per se,
 
 or negligence as a matter of law. Certainly not every provision of law or ordinance which directs the manner of operation of motor vehicles constitutes such a requirement that failure to observe it would of itself constitute negligence. The leading case in Ohio upon the proposition that the failure to comply with the provisions of a statute enacted for the safety and protection of the public constitutes negligence
 
 per se
 
 is
 
 Variety Iron & Steel Works Co.
 
 v.
 
 Poak,
 
 89 Ohio St., 297, 106 N. E., 24. This case is distinguished from cases preceding it in that the statute involved in those cases specifically gave a cause of action to a person injured as a result of a violation of such statutory requirement. It was held in that case that the absence of such provision is immaterial, and that in an action for damages predicated upon the failure of the owner and operator of a factory to comply with the requirements of the statute imposing “the positive and absolute duty” there specified is negligence
 
 per se,
 
 and that it was the duty of the trial court to so instruct the jury.
 

 The statute there involved was Section 1027, General Code, which definitely and specifically required such owner “to cover, cut off or countersink keys, bolts, setscrews”, etc.
 

 In the absence of such provision enjoining the dis
 
 *521
 
 charge of a prescribed duty and the doing of a specified act, it had been the province of the jury to determine from the evidence whether the injury claimed had resulted from the failure to exercise ordinary care. As stated in the opinion in
 
 Schell
 
 v.
 
 DuBois, Admr.,
 
 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710, which involved the application of the principle announced in the
 
 Poak case
 
 to a municipal ordinance requiring certain specific action for the public safety:
 

 “Where there is no fixed legal duty specifically defined by statute or by an ordinance passed by a municipality within its police power, which has been violated, the acts and conduct of the parties must necessarily be measured by the circumstances of each case.”
 

 In dealing with “the case where the legislature of the State, or the council of a municipal corporation, having in view the promotion of the safety of the public, or of individual members of the public, commands or forbids the doing of a particular act”, I Thompson on Negligence, 12, Section 10, states the principle as follows: “Here the general conception of the courts, and the only one that is reconcilable with reason, is that the failure to do the act commanded, or the doing of the act prohibited, is negligence as mere matter of law, otherwise called negligence
 
 per se;
 
 and this, irrespective of all questions of the exercise of prudence, diligence, care or skill; so that if it is the proximate cause of hurt or damage to another, and if that other is without contributory fault, the case is decided in his favor, and all that remains to be done is to assess his damages.”
 

 Likewise the following statement in 20 Ruling Case Law, 39, Section 33, is pertinent: “The principle comprehensively stated is that where a statute or municipal ordinance imposes upon any person a
 
 specific duty
 
 for the protection or benefit of others, if he neglects to perform that duty he is liable to those
 
 *522
 
 for whose protection or benefit it was imposed for any injuries of the character which the statute or ordinance was designed to prevent, and which were proximately produced by such neglect. The precise requirement of the statute must be complied with; no person is at liberty to adopt other methods and precautions which in his opinion are equally or more efficacious to avoid injury. ’ ’ (Italics ours.)
 

 The distinction between negligence and “negligence
 
 per se”
 
 is the means and method of ascertainment. The first must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence ; the latter is a violation of a specific requirement of law or ordinance, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required.
 

 "Where a specific requirement is made by statute and an absolute duty thereby imposed, no inquiry is to be made whether the defendant acted as a reasonably prudent man, or was in the exercise of ordinary care. In such a situation, the obligation and requirement has been fixed and established by law, and the conduct of any person which is violative of such specific statutory requirement is illegal and if it proximately results in injury to one to whom a legal duty is owed, the transgressor is liable for the resulting damage. In such case, the jury is not called upon to determine whether the conduct constituted negligence; it determines only whether the act prohibited was committed or the act required by law was omitted, as the case may be. The violator of such specific requirement of law is liable irrespective of the question as to whether his act is such as is deemed to meet and satisfy the test of ordinary or reasonable care which would be applied in the absence of such statutory definition and imposition of absolute duty, such as, for instance, the absolute and specific requirement as to headlights. Where the standard of duty is thus fixed and absolute,
 
 *523
 
 it being tbe same under all circumstances, tbe failure to observe that requirement is clearly negligence
 
 per se.
 
 But where duties are undefined, or defined only in abstract or general terms, leaving to tbe jury tbe ascertainment and determination of reasonableness and correctness of acts ánd conduct under tbe proven conditions and circumstances, tbe phrase negligence
 
 per se
 
 has no application.
 

 Tbe general speed .'regulations of Section 12603, General Code, are of that character. Tbe test prescribed to determine tbe lawfulness or unlawfulness of speed is whether it is greater or less than is reasonable or proper under existing conditions. So that when tbe court, in tbe general charge in this case, gave tbe instruction that a violation of that statute would constitute contributory negligence or failure to exercise ordinary care, it was equivalent to saying that if tbe jury found tbe plaintiff was, at tbe time in question, travelling at a speed greater than reasonable and proper, that was a violation of tbe requirement to exercise ordinary care. But bow would a jury determine whether speed proven was greater, than reasonable or proper? What test would tbe jury apply in reaching that conclusion? Tbe inevitable answer is it would apply tbe test- which tbe court bad given previously in the charge, wherein1 tbe issues being submitted to tbe jury were announced and tbe court properly defined negligence. Tbe jury would readily determine that what was reasonable or proper was what a person of reasonable and ordinary prudence would do under existing conditions, and would thus reach its conclusion as to whether tbe speed in question was greater than reasonable or proper under existing conditions. To say that to drive an automobile at a speed greater than is reasonable or proper is negligence is to say (if we substitute equivalents) that to drive an automobile at a speed greater than consistent with ordinary care is negligence, or a failure
 
 *524
 
 to exercise ordinary care. What possible prejudice, therefore, is there in the instruction that a violation of the speed provisions of Section 12603, General Code, constitutes negligence or failure to exercise ordinary care?
 

 The court, after charging the jury relative to this statute, followed with an instruction much more favorable to plaintiff than he was entitled to, as previously indicated in this opinion. It was as follows: ‘ ‘ Therefore, in that connection, the court further charges you that a police officer in pursuit of a speed law violator is not negligent merely because he fails to observe the speed limit fixed by law for persons driving in that locality; but he is only required in the operation of the motor vehicle which he is using to exercise that care which persons of ordinary care and prudence are accustomed to use in the discharge of official duties of a like nature under the same or similar circumstances.” This same instruction had been given upon request before argument. We find neither in the general charge nor in the requested instructions relative to the duties and conduct of the defendant given before argument any error prejudicial to the plaintiff. No fault may be ascribed to failure to anticipate negligence of another. On the contrary, one may rightfully assume the observance of the law and the exercise of ordinary care by others until the contrary is made to appear. Action in accordance with such presumption in the absence of notice or knowledge to the contrary is not negligence.
 
 Norris, Exrx.,
 
 v.
 
 Jones, Recr.,
 
 110 Ohio St., 598, 144 N. E., 274. Hence there was no error in the requested instructions embodying that principle. While there were some inconsistencies in the charge, certainly there was no error prejudicial to the plaintiff, and that is our sole question in this case.
 

 The provisions of the ordinance referred to in the instruction complained of are those requiring the giv
 
 *525
 
 ing of a signal before passing another vehicle going in the same direction, driving a vehicle when not under control, and passing another vehicle going in the same direction at street intersections. These are absolute and specific requirements and, as heretofore indicated, if such violation by the plaintiff proximately caused his injury and damage, he is not entitled to recover from the defendant, even though she was also negligent. That is fundamental.
 

 Upon the whole, we are of the opinion that no error prejudicial to plaintiff in error was committed by the trial court and that its judgment should not have been disturbed. The judgment of the Court of Appeals is therefore reversed and that of the trial court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson and Jones, JJ., concur.
 

 Williams, J., not participating for the reason that he sat in the case in the Court of Appeals.