Weygandt, C. J.
At the conclusion of the general charge, counsel for the plaintiff requested the trial court to add the following instruction:
“Section 6307-20, General Code, provides as follows: No person shall operate a vehicle, trackless trolley or streetcar without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, trackless trolleys and streetcars, and so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways.
“I say to you that a violation of this section is negligence per se. ”
The trial court refused to so instruct the jury.
The single question presented for the consideration of this court is whether a violation of the provisions of the foregoing statute is negligence per se.
In the case of Schell v. DuBois, Admr., 94 Ohio St., *119 93, 113 N. E., 664, L. R. A. 1917A, 710, this court announced the following general rule:
“1. The violation of a statute passed for the protection of the public is negligence per se, and where such act of negligence by a defendant is the direct and proximate cause of an injury not directly contributed to by the injured person, the defendant is liable.”
The statute there involved prohibited the operation of a motor vehicle at a speed greater than eight miles an hour in the business and closely built-up portions of a municipality.
Then in subsequent cases such as Heidle v. Baldwin, 118 Ohio St., 375, 161 N. E., 44 (overruled as to a different feature in the case of Morris v. Bloomgren, 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831), it was made clear that the rule announced in the Schell case, supra, is limited to provisions which impose a specific requirement to do or not to do a particular act but is not applicable to provisions which prescribe merely a general rule of conduct.
Do the provisions of Section 6307-20, General Code, supra, meet this test?
In the fourth paragraph of the syllabus in the case of Swoboda v. Brown, 129 Ohio St., 512, 196 N. E., 274, this court held:
“4. The distinction between negligence and ‘negligence per'se’ is the means and method of ascertainment. The former must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required.”
And in the opinion Matthias, J., made the following pertinent comment:
“Where a specific requirement is made by statute and an absolute duty thereby imposed, no inquiry is *120 to be made whether the defendant acted as a reasonably prudent man, or was in the exercise of ordinary care. In such a situation, the obligation and requirement has been fixed and established by law, and the conduct of any person which is violative of such specific statutory requirement is illegal and if it proximately results in injury to one to whom a legal duty is owed, the transgressor is liable for the resulting damage. In such case, the jury is not called upon to determine whether the conduct constituted negligence: it determines only whether the act prohibited was committed or the act required by law was omitted, as the case may be. The violator of such specific requirement of law is liable irrespective of the question as to whether his act is such as is deemed to meet and satisfy the test of ordinary or reasonable care which would be applied in the absence of such statutory definition and imposition of absolute duty, such as, for instance, the absolute and specific requirement as to headlights. Where the standard of duty is thus fixed and absolute, it being the same under all circumstances, the failure to observe that requirement is clearly negligence per se. But where duties are undefined, or defined only in abstract or general terms, leaving to the jury the ascertainment and determination of reasonableness and correctness of acts and conduct under the proven conditions and circumstances, the phrase negligence per se has no application. ’ ’
It is apparent that the statute here involved does not meet the test of providing a specific requirement rather than a mere general rule of conduct. Reduced to its lowest terms, the requirement is simply that ‘ ‘ no person shall operate a vehicle * * * without due regard for the safety and rights of pedestrians * * * and so as to endanger the life * * * of any person while in the lawful use of the * * * highway.” This means merely that the defendant was obliged to oper *121 ate his motor vehicle in the same manner as would a reasonably prudent person under similar circumstances.
Hence, this court is of the view that the trial court was not in error in refusing to charge the jury that a violation of this statute constitutes negligence per se. The judgment of the Court of Appeals must be reversed and that of the trial court affirmed.

Judgment reversed.