Stewart, J.
Chambers contends, first, that the trial court was in error in not rendering final judgment in his favor, and that the Court of Appeals erred in affirming in that respect the judgment of the Common Pleas Court, and, second, in the alternative, that the Court of Appeals erred in affirming the trial court’s overruling of Chambers’ motion for a new trial.
The contention for a final judgment for Chambers is based upon the proposition that the collision was the result of Mc-Ferren’s attempt to pass Chambers’ automobile with the tractor-trailer outfit within 100 feet of an intersection, contrary to Section 4511.30, Revised Code.
As the Court of Appeals stated in its opinion, “there is no question but at the time of the collision the entire tractor-trailer outfit was on the left side of the center line of U. S. Route No. 250 and that the place of the accident was within 100 feet of the ‘T’ intersection.”
Section 4511.30, Revised Code, provides, in part, as follows:
“No vehicle or trackless trolley shall, in overtaking and passing traffic, or at any other time, be driven to the left of the center or center line of the roadway under the following conditions: um * #
“(C) When approaching within 100 feet of or traversing any intersection or railroad grade crossing, unless compliance with this section is impossible because of insufficient roadway space.”
The foregoing provision expressly prohibits one driving *401 a motor vehicle from driving such vehicle to the left of the center line of the roadway when approaching within 100 feet of an intersection, and it is the settled law of this state that, where a legislative enactment imposes upon a person a specific duty for the protection of others, and his neglect to perform that duty proximately results in an injury to such another, the one guilty of such neglect is negligent per se, or as a matter of law. Eisenhuth v. Moneyhon, 161 Ohio St., 367, 119 N. E. (2d), 440, and the many other cases cited.
Since McFerren undoubtedly was on the left-hand side of the road, within 100 feet of an intersection, and was attempting to pass Chambers’ automobile, he was prima facie guilty of negligence.
The Court of Appeals apparently recognized this but stated that McFerren offered substantial evidence tending to excuse his failure to comply with Section 4511.30, and that, since at the place of the collision the road was marked by a traffic-control device of a broken white line, such device gives rise to the presumption that it was put there legally, tended to excuse McFerren’s failure to comply with Section 4511.30, and presented a question for the jury with proper instructions.
We are of the opinion that the Court of Appeals was in error in holding that the broken white line in the center of the highway offered an excuse for driving to the left of the center of the highway, to pass another vehicle, within 100 feet of an intersection; that the white lines simply divided the highway into left and right lanes; and that the fact that there were no yellow lines there offered no excuse for the violation of the statute.
Section 4511.31, Revised Code, provides as follows:
“The Department of Highways may determine those portions of any state highway where overtaking and passing other traffic or driving to the left of the center or center line of the roadway would be especially hazardous, and may, by appropriate signs or markings on the highway, indicate the beginning and end of such zones. When such signs or markings are in place and clearly visible, every operator of a vehicle or trackless trolley shall obey the directions thereof, notwithstanding the distances set out in Section 4511.30 of the Revised Code.”
*402 The mere fact that there were no yellow lines at the place of the collision in the present case simply indicates that the Department of Highways did not consider the particular location as especially hazardous, but it in no way excuses a motor-vehicle driver from failure to obey Section 4511.30.
It is true that there are many intersections with the main roads of Ohio, and frequently a motor-vehicle driver will become impatient and desire to pass another vehicle on the left when within 100 feet of an intersection and when it does not seem especially hazardous to do so, but, nevertheless, the plain prohibition in the statute exists, and such driver is guilty of negligence in making or attempting such passing. It may seem a hardship at times, but anything which will quell the impatience of hurried drivers may be of some help in reducing the fearful carnage today on the highways of Ohio.
We are of the opinion, however, that Chambers is not entitled to a final judgment in the present cause, for the reason that there still remains the question of proximate cause. If Chambers’ testimony is to be believed, he gave ample warning that he was going to turn into his driveway, and the per se negligence of McFerren would doubtless have been a direct contributing factor in causing the collision. However, McFerren’s testimony was that he was on the left-hand side of the road for quite a distance, trying to overtake Chambers, and that he was signalling Chambers with his lights and blowing his horn. If that testimony is to be believed, a jury might find that Chambers, knowing that McFerren was behind him and attempting to pass him, turned in front of McFerren’s vehicle, taking the chance of a collision; that, as a result, Chambers’ action was the proximate cause of the collision; and that the negligence of McFerren in attempting to pass within 100 feet of an intersection was a remote cause.
We are of the opinion that the trial court should have sustained Chambers ’ motion for a new trial.
Two special charges were requested by Chambers to be given to the jury before argument.
Charge No. 1 reads in part:
“The defendant Ronald McFerren having admitted that he was driving his truck and trailer to the left of the center *403 of state route 250 immediately prior to the collision and within 100 feet of its intersection with Montgomery Township Road No. 167, I charge you that Ronald McFerren was guilty of negligence as a matter of law. * * *”
Charge No. 4 reads as follows:
“I charge you, ladies and gentlemen of the jury, that the plaintiff Floyd L. Chambers had a right to assume, in the absence of knowledge to the contrary, that the defendant Ronald W. McFerren would not attempt to pass him on the left side of the center line within 100 feet of the intersection of route 250 and Montgomery Township Road No'. 167.”
The court refused to give these charges.
It has long been the law of this state that in a civil action the court is required to give a written special instruction to the jury before argument, where the instruction is linked to the parties to the action, correctly states the law applicable and pertinent to one or more of the issues of the case, and is upon a subject which has not been covered by other special instructions before argument. Bradley, an Infant, v. Mansfield Rapid Transit, Inc., 154 Ohio St., 154, 93 N. E. (2d), 672.
It seems to us that the charges offered correctly state the law applicable and pertinent to one or more of the issues of the present cause, and that they are upon subjects which were not covered by other special instructions before argument.
As to charge No. 4, the eighth paragraph of the syllabus of the case of Swoboda v. Brown, 129 Ohio St., 512, 196 N. E., 274, is pertinent. This syllabus reads' as follows:
“One may rightfully assume the observance of the law and the exercise of ordinary care by others, and action by him in accordance with such assumption in the absence of notice or knowledge to the contrary is not negligence.”
Then, too, we are of the opinion that the trial court was in error in allowing McFerren to testify that white lines in the center of a highway indicate that one is allowed to pass a vehicle on the left regardless of an intersecting highway. McFerren was asked:
“Q. State whether or not those white lines are found on the area of the road where it is permissible to pass?
“Mr. Wiles: Object.
*404 “The Court: You are claiming it wasn’t permissible for him to pass?
“Mr. Wiles: Within 100 feet of the intersection.
“The Court: You may answer.
“A. White lines indicate you are allowed to pass.
“Mr. Wiles: Move to strike.
“The Court: Overruled.”
Such testimony and the action of the court in overruling the objection to it strongly indicated to the jury that as long as there are no yellow lines on a highway, one has a right to pass a vehicle on the left, regardless of whether he is within 100 feet of an intersection.
For the errors in the refusal to give special written instructions to the jury before argument and in the admission of prejudicial evidence, we are of the opinion that the Court of Appeals was in error in affirming the judgment of the Court of Common Pleas. The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for new trial.

Judgment reversed and cause remanded.

Weygandt, C. J., Zimmerman, Matthias, Bell and Herbert, JJ., concur.
Taet, J., concurs except in the failure to render final judgment for the plaintiff. See Ziebro, Admx., v. City of Cleveland, 157 Ohio St., 489, 106 N. E. (2d), 161.