Taylor, a Minor, et al., Appellees, *v.* Webster, Appellant.

[Cite as Taylor *v.* Webster, 8 Ohio App. 2d 266.]

(No. 356—Decided October 26, 1966.)

*Messrs. Dworken & Bernstein,* for appellees.

*Messrs. Hauxhurst, Sharp, Cull & Kellogg* and *Mr. Burt Fulton,* for appellant.

Doyle, P. J. This is an appeal from a money judgment rendered in the Court of Common Pleas of Medina County, upon

the verdict of a jury, against Mrs. Fay Webster, the defendant therein, and in favor of Henry Taylor, a minor, for damages for personal injuries suffered by him, and for damages to Howard Taylor, the father of the minor, for hospital, surgical and medical expenses.

Issues of law and fact were created in the trial court pursuant to a petition which alleged that Henry Taylor was, on September 27, 1958, a house guest of the defendant, Mrs. Webster, and her ten-year-old son, Mark; that at the time Mark "* * * had in his possession an air rifle * * * and * * * said air rifle was caused to be discharged by a minor third party named Barnett * * *" causing the injuries and damage to the guest, Henry Taylor.

It is further pleaded "that the defendant * * * did negligently and carelessly authorize, furnish, entrust and knowingly permit her minor son * * * [Mark Webster] to have charge of, use and control of an air rifle, in strict violation of Ohio Revised Code Section 2903.06, which air rifle was the instrumentality causing the injuries as hereinafter set forth."

The pleading further alleges "* * * that said minor, Mark Webster, was incompetent to have, use, and control said air rifle due to his age and inexperience and was an unfit person to have charge and control of said instrumentality by virtue of said age and inexperience, all of which was known, or should have been known, to the defendant herein, Fay Webster. The injuries and damages sustained by the plaintiff, Henry Taylor * * * were directly and proximately caused by said negligence and carelessness of the defendant herein in that she permitted and entrusted her ten-year-old son to have charge, control, and use of the said air rifle, as hereinbefore set forth."

The answer of the defendant admits that the plaintiff was a guest at her home on September 27, 1958, but denies "for want of knowledge, the incident involving the plaintiff or the injuries alleged to have resulted therefrom"; denies "the applicability of Ohio Revised Code Section 2903.06, and further answering, denies each and every allegation contained in plaintiff's petition not hereinbefore admitted to be true."

It appears in the evidence that Mark Webster and his house guest, Henry Taylor, each of about the age of ten years, were, on the morning of September 27, 1958, shooting at tin cans with

a BB gun in the yard of the Webster home. The air rifle was being used with the mother's permission. At this time, the boys saw a boy named Earl Barnett approaching the premises where they were playing. As young Barnett, a boy of about their age, came closer, Mark placed the gun against the side of the patio of his home, and the three boys then commenced playing with no mention made of the gun. Some time later, Mark suggested a soft drink of some character, and the three boys walked to the house, whereupon young Barnett saw the gun, apparently for the first time, leaning against the patio; he took the gun into his possession, despite a request from Mark Webster to keep away from it, and commenced shooting at his two companions; the two boys, who now became the targets of Barnett, ran to a barn on the premises and climbed its roof, where Mark Webster, for the second time, urged Barnett to drop the gun. Barnett continued to shoot and eventually put a bullet in Henry Taylor's eye. Mark Webster had been hit by the bullets but with no serious consequences.

In considering the assignments of error, we first direct our attention to the statute. Section 2903.06, Revised Code, provides:

"No person shall sell, barter, furnish, or give to a minor under the age of seventeen years, an air gun, musket, rifle, shotgun, revolver, pistol, or other firearm, or ammunition therefor, or, being the owner or having charge or control thereof, *knowingly permit it to be used by a minor under such age.*

"Whoever violates this section shall be fined not more than one hundred dollars or imprisoned not more than thirty days, or both. This section is not applicable to a minor under the age of seventeen years who is hunting in accordance with Section 1533.13 of the Revised Code." (Emphasis ours.)

If this statute prescribed merely a general rule of conduct, and not a specific requirement to do or not to do a particular thing, then its violation would not constitute negligence as a matter of law. *Koppelman, a Minor,* v. *Springer, a Minor,* 157 Ohio St. 117. Leading authorities in this state, commencing with *Schell* v. *DuBois, Admr.,* 94 Ohio St. 93, L. R. A. 1917A, 710, and including *Swoboda* v. *Brown,* 129 Ohio St. 512; *Patton, Admx.,* v. *Pennsylvania Rd. Co.,* 136 Ohio St. 159; and *Eisenhuth* v. *Moneyhon,* 161 Ohio St. 367, indicate by analogy that

the statute does set out a specific requirement and, as a consequence, a violation thereof constitutes negligence as a matter of law.

From the evidence, it is reasonable to conclude that the defendant violated the statute when she permitted her son to use the air gun, and, as a consequence, she was guilty of negligence as a matter of law.

The next step in our examination of the case must be to the question of proximate cause, because, if her negligence in permitting her son to use the air rifle was not the proximate cause of the injury to the plaintiff, she cannot be held liable in damages.

Assuming, therefore, that the defendant mother was guilty of negligence when she permitted her son, Mark, to use the gun, the question arises: Did her negligence continue when its use was discontinued and the gun was placed leaning against a part of her house, after which another boy arrived on the scene? Would there have been a legal difference as to responsibility for consequences if the defendant had taken the air rifle from her son and placed it leaning against the house herself? Would she have continued to be in violation of the statute under these circumstances?

In this state, it is the law that, for a person to be entitled to recover in damages for a claimed negligent injury, the act of which complaint is made must be the direct and proximate cause of the delict; and a reasonable foreseeability of injury is considered an element of proximate cause. It is said that "the rule is elementary, that a defendant in an action for negligence can be held to respond in damages only for the immediate and proximate result of the negligent act complained of, and in determining what is direct or proximate cause, the rule requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act." *Miller* v. *Baltimore & Ohio Southwestern Rd. Co.*, 78 Ohio St. 309, at page 325, cited with approval in *Ross* v. *Nutt*, 177 Ohio St. 113, at page 114.

In the case before us the chain of causation must com-

mence with the negligence of the mother in permitting her son to use the air rifle. It was broken when the use was discontinued and the air rifle placed against the patio of the house. From this point on, a new and independent act of negligence came into being when the third boy arrived on the scene, saw the rifle for the first time and commenced shooting at the playing boys. This act of negligence by the youthful Barnett was the only proximate cause of the injury.

Assuming, however, that the negligence of the mother did continue on to the time of the shooting (a fact which we, however, do not find), she, indeed, could not reasonably be held to have foreseen the consequences. She was not required to have anticipated that, after the gun was put out of use by her son, Mark, and placed against her house where he had a right to put it, a third boy would come by, enter on her premises and wrongfully start shooting at her son and his companion.

It is our conclusion that this most unfortunate and tragic accident would not have occurred except for the intervening independent act of negligence of the third boy, and that such negligence the defendant was not in law bound to foresee as a natural and probable consequence of her original violation of the law and the statute when she permitted her son to first use the gun before the arrival of the youthful stranger who did the shooting.

*Judgment reversed, and final judgment for defendant.*

BRENNEMAN and HUNSICKER, JJ., concur.