## Nemer v. Kerkian
## Case No. 14143
## Summit County, (9th)
## Decided February 7, 1990
[Cite as 1 AOA 339]

*Richard E. Dobbins, Attorney at Law, 3882 Bywood Dr., Akron, OH 44313 for Plaintiff.*

*Kurt E. Weitendorf, Attorney at Law, 1500 One Cascade Plaza, Akron, OH 44308 for Defendants.*

CACIOPPO, P. J.

On September 22, 2987, plaintiff-appellant, A.J. Nemer was a business invitee at Sarah's Deli, owned by Al Kerkian. As Nemer exited a restroom which had a step down to the hallway, she fell and suffered injuries.

Nemer filed a complaint against Kerkian alleging that Kerkian "negligently maintained and permitted patrons to utilize a restroom with a doorway and step which was dangerous and in violation of the City of Akron Basic Building Code and Ohio Basic Building Code."

At trial, Nemer presented the uncontroverted testimony of an expert that the step riser did not comply with the Ohio and Akron Building Codes. The expert testified that the step riser in question measured eight and five-eighths inches, exceeding the eight inch maximum riser requirement under the Ohio Basic Building Code. Although the expert relied on 1977 Ohio Basic Building Code as authority, the trial court did not permit the 1977 Ohio Building Code section to be admitted into evidence.

The trial court charged the jury on common law negligence. Nemer objected to the jury charge for failure to instruct the jury on negligence *per se*. Nemer proffered a jury instruction for the record.

The jury returned interrogatories finding Nemer one hundred percent negligent and attributed no negligence to Kerkian. Judgment was entered on the verdict. Nemer appeals.

### ASSIGNMENT OF ERROR

"The trial court erred in its failure to

charge the jury that a specific violation of the Ohio Basic Building Code and Akron Building Code involving the height of the step-riser [sic] where the plaintiff fell was negligence as a matter of law."

The single question presented for consideration of this court is whether a violation of the step riser height requirement in the 1977 Ohio Basic Building Code is negligence *per se*.

Ohio Basic Building Code Table BB-23-43 provides that the maximum height of risers is eight inches. To determine whether a violation of an administrative regulation constitutes negligence or negligence *per se*, it is necessary to examine the regulation.

In *Swoboda* v. *Brown* (1935), 129 Ohio St. 512, the Ohio Supreme court distinguished negligence and negligence *per se* as follows:

"The distinction, between negligence and 'negligence *per se*' is the means and method of ascertainment. The first must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required.

"Where a specific requirement is made by statute and an absolute duty thereby imposed, no inquiry is to be made whether the defendant acted as a reasonable prudent man, or was in the exercise of ordinary care. In such a situation, the obligation and requirement has been fixed and established by law, and the conduct of any person which is violative of such specific statutory requirement is illegal and if it proximately results in injury to one to whom a legal duty is owed, the transgressor is liable for the resulting damage. In such case, the jury is not called upon to determine whether the conduct constituted negligence; it determines only whether the act prohibited was committed or the act required by law was omitted, as the case may be. The violator of such specific requirement of law is liable irrespective of the question as to whether his act is such as is deemed to meet and satisfy the test of ordinary or reasonable care which could be applied in the absence of such statutory definition and imposition

of absolute duty ***." *Id.* at 522.

Where a building code provision imposes a specific duty for the protection or benefit of others and the duty is neglected or not performed, the person or entity owing the duty is liable to those for whose protection or benefit the duty was imposed, for any damages which were proximately produced by such neglect. See, *Moore* v. *McCarty's Heritage, Inc.* (1978), 62 Ohio App. 2d 89, 95.

It is apparent that the building code provision in the case *sub judice*, provides a specific requirement. The requirement is that step risers shall not exceed eight inches. The trial court should have instructed the jury that violation of the specific code requirement was itself negligence and that they were to determine whether Kerkian violated the code requirement and whether it was a proximate cause of Nemer's injury.

It is clear from the jury's response to the interrogatories, that the jury made an inquiry as to whether Nemer acted as a reasonably prudent person. Since the Akron and Ohio Basic Building Codes impose a specific duty on Kerkian by law, the jury should have determined whether Kerkian violated the specific requirement. The trial court's failure to instruct the jury that violation of the regulation was negligence as a matter of law prejudiced Nemer.

The trial court usurped the jury's function by its failure to charge on negligence *per se*. The court determined that Nemer had established no facts upon which a charge of negligence *per se* was applicable. Whether Nemer establishes negligence *per se* is a determination for the trier of fact, not the trial court.

The assignment of error is well taken. The decision of the trial court is reversed. The case is remanded for proceedings consistent with this opinion.

The court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

QUILLIN, J., CIRIGLIANO, J., Concur