OPINION
Plaintiff-appellant Richard L. Sullivan, Administrator of the estate of Tamara S. Sullivan takes this appeal from a judgment of the Common Pleas Court of Defiance County entered in favor of the defendant-appellee, Metropolitan Distributing Company.
On July 19, 1995, Tamara S. Sullivan ("Sullivan") was killed when her automobile collided with a semi-truck driven by Huey Belue ("Belue"). At the time of the collision, Belue was backing the truck from the northbound lane across the southbound lane of State Route 66 into the Metropolitan Distributing Company's ("Metropolitan") warehouse loading dock to make a delivery, blocking both lanes of that highway. Sullivan was traveling southbound on State Route 66 shortly after 11:00 p.m. and ran into the side of Belue's semi-trailer.
On January 13, 1997, Appellant filed his complaint alleging that Appellee was negligent in the operation of its beer distributing facility; that Appellee engaged in unreasonable and hazardous activities abutting a public highway; that Appellee's operation of the facility was a nuisance; and that the design and layout of Appellee's facility posed an unreasonable risk of harm to the public. On December 29, 1997, Metropolitan filed a motion for summary judgment, claiming that it owed no duty to Sullivan and that its operation of its business presented no nuisance or danger so long as truck drivers making deliveries to its warehouse obeyed traffic laws and exercised due care. In response to Metropolitan's motion, Appellant asserts that Sullivan's injury was foreseeable since Appellee's building design required semi-truck drivers such as Belue to back into the loading dock to make deliveries, and therefore that design created a qualified nuisance. On October 28, 1999, the trial court granted summary judgment for Appellee.
Appellant asserts one assignment of error.
 The trial court erred as a matter of law in granting [Appellee's] motion for summary judgment where a genuine issue of material fact existed.
Metropolitan filed a cross-appeal, also advancing a single assignment of error.
 The trial court erred in declining to strike references to testimony purportedly given in the case of State v. Belue, which testimony was relied on by [Appellant] in opposition to summary judgment.
When reviewing the ruling on a motion for summary judgment, an appellate court reviews the judgment independently and does not defer to the trial court. Midwest Specialties, Inc. v.Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6,536 N.E.2d 411. Civ.R. 56(C) sets forth the standard for granting summary judgment. Summary judgment is appropriate when the following have been established: 1) that there is no genuine issue as to any material fact; 2) that the moving party is entitled to judgment as a matter of law; and 3) that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Bostic v. Connor (1988),37 Ohio St.3d 144, 524 N.E.2d 881.
In this case, Appellant's complaint alleged that Appellee was negligent by maintaining a warehouse with a loading dock so designed that a delivery truck driver, in order to unload, must back up to the loading dock in a manner that blocks both lanes of traffic on State Route 66. All Appellant's theories of recovery depend upon a finding of Appellee's negligence in some respect proximately causing the death of Appellant's decedent.
To establish a claim of negligence, the Appellant must show that Metropolitan 1) had a duty to protect Sullivan; 2) breached that duty; 3) injury to Sullivan resulted; and 4) that the breach of the duty was the proximate cause of the injury. Mussivand v.David (1989), 45 Ohio St.3d 314, 544 N.E.2d 265. The question of whether a duty exists is a matter of law, not fact. Id. "In Ohio it is well-established that liability in negligence will not lie in the absence of a special duty owed by the defendant." Gelbmanv. The Second National Bank of Warren (1984), 9 Ohio St.3d 77, 78,458 N.E.2d 1262. Gelbman adopted the following principles from the Restatement of the Law, Torts 2d.
 The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action.
 There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right of protection.
 Id. at 79 (citing to the Restatement of the Law, Torts, 2d.).
The undisputed facts of this case establish that Belue, the driver of the truck, was delivering his load in the dark of night and after the warehouse's normal business hours. The warehouse was closed and none of Appellee's employees were present at the warehouse when the accident occurred. The undisputed deposition testimony is that deliveries at that time of the night are not the norm. Further, the deposition testimony showed that Appellee had no control over the actions of the driver. Although Appellee could request rush delivery of the order being delivered, the trucking company set its own schedule and was under no obligation to accommodate Appellee's request if made. Given this testimony, there is no evidence to establish that Appellee had any ability to control the delivery truck driver. Although the delivery truck driver had a duty to obey the traffic laws, this duty does not vicariously extend to a property owner to whom a delivery is being made.
Appellant also argues that by designing the building as it did, Metropolitan controlled the method of making deliveries. Appellant claims that by locating the warehouse delivery bay where it was, Metropolitan required delivery trucks to block the highway in order to gain access to the dock. Thus, Appellant concludes, the design of the warehouse proximately caused the accident that killed Sullivan.
 No fault may be ascribed to failure to anticipate negligence of another. On the contrary, one may rightfully assume the observance of the law and the exercise of ordinary care by others until the contrary is made to appear. Action in accordance with such presumption in the absence of notice or knowledge to the contrary is not negligence.
 Swoboda v. Brown (1935), 129 Ohio St. 512, 524, 196 N.E.2d 274,279. Here, there is no allegation or evidence that the building in question violates any statute or regulation. The design of the building is not dangerous merely because a delivery driver must interrupt highway traffic while preparing to enter premises beside the highway to make a delivery to that building. Metropolitan had the right to assume that a delivery driver would use ordinary care and obey the traffic laws when making a delivery to its warehouse. The failure of a delivery driver to exercise ordinary care when making a delivery does not establish the negligent design of the facility to which the delivery is made, and hence, no duty of the facility owner to drivers on the highway is created by the design.
Appellant does not allege and has offered no evidence that Appellee had a special relationship with Sullivan, a passerby on the highway, which would establish a duty. Absent such a special relationship, Metropolitan had no duty to protect Sullivan from the actions of a third party toward passersby on the public road, and therefore, may not be found negligent for failing to do so.
Appellant also argues that Metropolitan's operation of the building constitutes a nuisance. A claim of nuisance actually describes two fields of tort liability: public nuisance and private nuisance. Brown v. Scioto Cty. Bd. Of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. A public nuisance is an unreasonable interference with a right common to the general public and is usually criminal in nature. Id. Recovery for damages is limited to those who can prove a harm not suffered by the general public. Id. In contrast, a private nuisance is an invasion of another's interest in the private use and enjoyment of land. Id.
In this case, Appellant is claiming that the design of the building is a qualified nuisance. A qualified nuisance is a "lawful act that is so negligently or carelessly done as to have created an unreasonable risk of harm which in due course results in injury to another." Id. at 713, 622 N.E.2d at 1159. Thus, a qualified nuisance is premised upon a claim on negligence. Id.
The parties here agree that the design of the Metropolitan warehouse building, in and of itself, does not violate any criminal statute from which liability would arise. Appellant does not claim any invasion of Sullivan's interest in private land. Upon the facts alleged, neither a public nor a private nuisance can be found.
Since Appellant has failed to establish any duty of Metropolitan owed to Sullivan, it may not be found to be negligent in any of the circumstances alleged. Consequently, Appellant's assignment of error is overruled.
Appellee's assignment of error asserts that the trial court erred in admitting testimony from the criminal trial of the driver to be considered in rebuttal to the motion for summary judgment. Here, the trial court stated:
 Defendant has sought to strike references to the Wright deposition and criminal trial transcript arguing that neither is properly before the court pursuant to Civil Rule 56. Defendant subsequently filed the Wright deposition, although the transcript of criminal proceedings has never been filed or authenticated. While Defendant's motion to strike the evidentiary material, in particular the criminal trial transcript, it is probably well taken, the court need not reach the issue as such evidence creates no genuine issue of material fact and the undisputed facts herein are dispositive.
Judgment Entry. In essence, the trial court said that it didn't need to consider whether the evidence should be excluded because the evidence did not establish an issue of material fact precluding summary judgment in Metropolitan's favor. We agree. Appellee's assignment of error is overruled.
The judgment of the Common Pleas Court of Defiance County is affirmed.
SHAW and WALTERS, JJ., concur.