[Cite as *Keirns-Mollenkopf v. Schroeder*, 2012-Ohio-3657.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

THE ESTATE OF:

HEATHER KEIRNS-MOLLENKOPF,
ET AL.

     Plaintiffs-Appellants

-vs-

RODNEY J. SCHROEDER, ET AL.

     Defendants-Appellees

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Julie A. Edwards, J.

Case No. 12CA4

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Case. Nos. 09CV1129 and 10CV1559 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT: | August 10, 2012 |

APPEARANCES:

| For Plaintiffs-Appellants | For Defendants-Appellees |
|---|---|
| G. SCOTT MCBRIDE<br>120 North Lane Street<br>Drawer 309<br>Bucyrus, OH 44820 | KENNETH R. BEDDOW<br>24 West Third Street<br>Suite 204<br>Mansfield, OH 44902 |

*Farmer, J.*

{¶1} On November 28, 2008, Rodney Schroeder was driving northbound on Sturges Avenue in Mansfield, Ohio. His passenger was Heather Keirns-Mollenkopf. In front of the Schroeder vehicle was a vehicle being operated by appellee, Jack Spreng. As Mr. Schroeder attempted to pass appellee's vehicle on the left, it collided with appellee's vehicle. The Schroeder vehicle lost control and hit a utility pole. As a result, Ms. Keirns-Mollenkopf sustained serious injuries and died.

{¶2} Prior to the accident, both Mr. Schroeder and appellee were served alcohol at a bar called "The Den" in Mansfield, Ohio.

{¶3} On July 30, 2009, appellant, Tyson Mollenkopf, husband of the deceased and executor for the estate of Ms. Keirns-Mollenkopf, filed a complaint for negligence and wrongful death against Mr. Schroeder (Case No. 09CV1129). An amended complaint was filed on March 17, 2010 to include appellee.

{¶4} On November 23, 2010, appellant, together with his in-laws, Michael and Melody Keirns, filed a complaint against Peebles Enterprises, Inc. dba Peebles Den, Joseph Feeney, James Feeney, and David Brenneis (the three owners of The Den), Ohio Mutual Insurance Group, and MetLife Auto & Home Insurance Agency, claiming negligence and wrongful death and seeking damages and a declaratory judgment (Case No. 10CV1559). All of these defendants were subsequently dismissed.

{¶5} On May 3, 2011, appellee filed a motion for summary judgment in Case No. 09CV1129.

{¶6} On May 26, 2011, the trial court consolidated the two cases.

{¶7} By judgment entry filed July 8, 2011, the trial court granted appellee's motion for summary judgment.

{¶8} On September 28, 2011, appellant dismissed Mr. Schroeder as the claims against him had been settled.

{¶9} By judgment entry filed December 13, 2011, the trial court indicated that all claims against all parties have been fully disposed of in the matter.

{¶10} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶11} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR, ABUSED ITS DISCRETION AND ITS DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHICH WAS PREJUDICIAL AGAINST THE PLAINTIFF/APPELLANT WHEN THE TRIAL COURT GRANTED THE DEFENDANT/APPELLEE'S (JACK SPRENG'S) MOTION FOR SUMMARY JUDGMENT FINDING THAT JACK SPRENG WAS NOT NEGLIGENT AND HE DID NOT BREACH THE DUTY OF CARE THAT PROXIMATELY CAUSED HEATHER KEIRNS MOLLENKOPH'S FATAL INJURIES."

{¶12} At the outset, we will discuss appellee's argument that this is not a timely appeal because the trial court granted summary judgment on July 8, 2011 and the appeal was perfected on January 9, 2012. It is appellee's position that the consolidation of the two cases did not affect the appealability of the July 8, 2011 judgment entry, as the decision terminated the causes of action against him in the first complaint (Case No. 09CV1129), and the remaining issues were separate and distinct from those causes of action.

{¶13} Pursuant to Loc.R. 7.01 of the Court of Common Pleas of Richland County, General Division, consolidation merges two cases into one:

{¶14} "A motion for consolidation shall be decided by the judge assigned to the case having the oldest case number, and if consolidation is granted, the cases shall be consolidated into the case with the oldest case number under the judge assigned to that case."

{¶15} We conclude the appeal was timely as the complaint against appellee, Case No. 09CV1129, was the controlling case number and was not closed with the granting of the summary judgment decision.  As evidenced by the trial court's judgment entry filed on December 13, 2011, all claims against all parties were not fully disposed of until said date.

I

{¶16} Appellant claims the trial court erred in granting summary judgment to appellee as genuine issues of material fact were presented to overcome appellee's position that he was not negligent.  We agree.

{¶17} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶18} "Civ.R. 56(C)  provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is

adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶19} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶20} In its judgment entry filed July 8, 2011, the trial court concluded there were no genuine issues of material fact as to whether appellee had a duty to appellant:

{¶21} "Mr. Spreng had the same duty as other drivers to drive carefully for the benefit of all users on the road. To prove an action for negligence against him, however, plaintiff must also show that Mr. Spreng breached that duty of care and that he directly and proximately caused Ms.Keirns-Mollenkopf's fatal injuries. For the reasons stated above, the sworn evidence filed with the court is insufficient to create a dispute of material fact on those issues. It is therefore ordered that summary judgment is entered for defendant Jack Spreng on plaintiff's complaint."

{¶22} In his motion for summary judgment filed May 3, 2011, appellee argued he was in his own lane of travel and he did not enter into the path of the speeding Schroeder vehicle that was attempting to pass him on the left. In support of this argument, appellee generally cited to his own deposition testimony. In reviewing appellee's deposition, we find the following specific testimony to support his assertions:

{¶23} "Q. Tell me what happened next, you got in your car or truck?

{¶24}  "A. Got in my truck and went to the stoplight and it was a red light, and left the red light and going down Sturges Avenue and I got right - - by the time I got down to where I live, there was a passing gear that I heard, and I looked through my rearview mirror and I seen lights flying, I don't know how many, and I now know they were speeding.  And I was getting up on my street to make a left-hand turn, and the car hit my truck, ripped the mirror off my truck.  I jammed the brakes on and threw the truck in park, and by that time, his truck grabbed my bumper and pulled my truck, and I am standing on the brake on my truck, and then it broke loose.  When it broke loose from my bumper of my truck, it shot over to the tree where that chair is sitting right there, and the truck went flying like this to the right, and I mean, it was flying, and the next thing that I know, he hit the brakes and started like sliding on the road, and next thing that I knew it was wrapped around the pole.

{¶25}  "Q. When you first heard this gear***and you looked in your rearview mirror, you saw lights?

{¶26}  "A. Yes.

{¶27}  "Q. Bright lights or describe it for us?

{¶28}  "A. Just headlights, it sounded like when you hear a police officer going in pursuit, that is what the passing gear sounded like.  I did not see red lights, and I looked in my mirror and I was coming up on my street, and turned my signal on, and it took the mirror off my truck and it was that fast, and I remember like it happened today.

{¶29}  "***

{¶30}  "Q. Go ahead, take me from this point forward and tell me what happened next as you were driving?***

{¶31} "A. Twenty miles an hour, I drive it every day. When you get down to your street, I was down to a crawl, when I got here and seen these lights, I turned around and looked to see if anything was coming in front of me and by the time I had my eyes in the rearview mirror, he snipped the mirror on the truck." Spreng depo. at 22-23 and 27-28, respectively.

{¶32} Appellee opined that when he first noticed the speeding Schroeder vehicle, it was twenty feet away. Id. at 26. Appellee stated at the time of the initial impact, his vehicle was in its own lane of travel and was not across the center line. Id. at 29.

{¶33} Appellee argues because he was lawfully in his own lane of travel at the time of the impact, he was not negligent as he owed no extra duty to the speeding Schroeder vehicle passing him on the left of a double center line. In support, appellee cites the case of *Swoboda v. Brown* (1935), 129 Ohio St. 512, paragraph eight of the syllabus, wherein the Supreme Court of Ohio held, "[o]ne may rightfully assume the observance of the law and the exercise of ordinary care by others, and action by him in accordance with such assumption, in the absence of notice or knowledge to the contrary, is not negligence."

{¶34} In response, appellant argues appellee had a duty to maintain his vehicle in his own lane of travel and not turn left until he could ascertain that such movement could be made with safety:

{¶35} "(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully

moving in two or more substantially continuous lines in the same direction, the following rules apply:

{¶36} "(1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."  R.C. 4511.33(A)(1).

{¶37}  In support of his arguments, appellant presented the trial testimony of the investigating officer, Ohio State Highway Patrol Trooper Fred Cook.  Trooper Cook opined through his investigation of the airbag module, the measurements taken at the crash site, the tire marks, and the location of the debris field, the point of impact was not in appellee's lane, but was in the left lane for oncoming traffic; therefore, appellee's vehicle was over the double center line.  T. at 927-928, 952, 965-966.

{¶38}  Appellant also presented the affidavit of an accident reconstructionist, William Jackman, filed May 20, 2011.  Mr. Jackman opined the following at ¶5:

{¶39}  "1. The Spreng F-150 started across the painted centerline about 50 feet south of the south edge of Walter Avenue.

{¶40}  "2. The left corner of the F-150 (Defendant Spreng) was 3 to 4 feet left of center, into the southbound travel lane of Sturges Avenue when it impacted with the Schroeder Chevrolet Silverado.

{¶41}  "3. With the engagement of the front bumper of the F-150 with the rear bumper of the Silverado, the dynamics changed.  The F-150 was suddenly accelerated forward while the Silverado was instantly slowed.  The Silverado started yawing to the right as it pivoted about the point of engagement of the momentarily locked bumpers.

{¶42} "4. The Silverado continued its yaw to the right as the bumpers disengaged. Mr. Schroeder steered to the left, in an attempt to regain control of the Silverado. His efforts were in vain and the pickup side-slid into a utility pole.

{¶43} "5. The initial impact between the two pickups, causing their bumpers to engage and the subsequent impact with the utility pole by the Silverado, would not have occurred but for the actions of Mr. Spreng. He started to make his intended left turn into Walter when his vehicle was too far south of the intersection to properly execute the turn.

{¶44} "6. Given Mr. Spreng's stated belief that the overtaking vehicle was a police car, his proper course of action would have been to pull over to his right and stop along the east curb-line of Sturges Avenue, yielding the right-of-way. Had he done that, the Schroeder vehicle would have been able to pass on his left with some eight (8) feet, plus or minus, separating the two pickup trucks."

{¶45} It is appellant's position that these observations and opinions overcome appellee's assertion that he was proceeding lawfully in his own lane of travel. Appellant argues appellee's action of a premature left hand turn was enough to establish that it was one of the proximate causes of the accident.

{¶46} The primary consideration is whether appellee breached a duty to the Schroeder vehicle by executing the left hand turn. Despite Mr. Jackman's assertion that appellee could not have properly executed the turn as he was "too far south of the intersection," this is not determinative of an affirmative duty. The true issue of fact in determining whether a duty was breached is whether appellee had notice that he was being passed and disregarding that notice, proceeded left of center. In construing the

evidence in favor of appellant, we find sufficient issues of material fact have been raised on this narrow issue.

{¶47}  The sole assignment of error is granted.

{¶48}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.

_s/ Sheila G. Farmer_____

_s / William B. Hoffman_____

_s/ Julie A. Edwards_____

JUDGES

SGF/sg 723

[Cite as *Keirns-Mollenkopf v. Schroeder*, 2012-Ohio-3657.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE ESTATE OF: | : | |
| | : | |
| HEATHER KEIRNS-MOLLENKOPF, ET AL. | : | |
| | : | |
| Plaintiffs-Appellants | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RODNEY J. SCHROEDER, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 12CA4 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee Jack Spreng.

_s/ Sheila G. Farmer_____

_s / William B. Hoffman_____

_s/ Julie A. Edwards_____

JUDGES