LANG, APPELLANT, *v.* HOLLY HILL MOTEL, INC. ET AL., APPELLEES.

[Cite as *Lang v. Holly Hill Motel, Inc.,*

122 Ohio St.3d 120, 2009-Ohio-2495.]

*Torts — Premises liability — Liability for open and obvious hazards — Building*

*code violations — Violations of administrative rules do not constitute*

*negligence per se.*

(Nos. 2007-1222 and 2007-1370 — Submitted February 17, 2009 — Decided

June 3, 2009.)

APPEAL from and CERTIFIED by the Court of Appeals for Jackson County,

No. 06CA18, 2007-Ohio-3898.

_____

**SYLLABUS OF THE COURT**

The open-and-obvious doctrine may be asserted as a defense to a claim of liability

arising from a violation of the Ohio Basic Building Code.

_____

**MOYER, C.J.**

**I**

{¶ 1}  The Fourth District Court of Appeals certified this case pursuant to Section 3(B)(4), Article IV, Ohio Constitution and App.R. 25. The court of appeals found its judgment to be in conflict with the judgments of the First and Tenth District Courts of Appeals[1] on the following issue: "[w]hether a violation of an administrative building code provision prohibits the application of the open

_____

1. See *Christen v. Don Vonderhaar Mkt. & Catering, Inc.*, 1st Dist. No. C-050125, 2006-Ohio-715; *Francis v. Showcase Cinema Eastgate*, 155 Ohio App.3d 412, 2003-Ohio-6507, 801 N.E.2d 535; *Uddin v. Embassy Suites Hotel*, 165 Ohio App.3d 699, 2005-Ohio-6613, 848 N.E.2d 519, appeal allowed, 109 Ohio St.3d 1455, 2006-Ohio-2226, 847 N.E.2d 5, appeal dismissed as improvidently allowed, 113 Ohio St.3d 1249, 2007-Ohio-1791, 864 N.E.2d 638.

and obvious doctrine and precludes summary judgment on a negligence claim." We accepted plaintiff-appellant Dorothy Lang's discretionary appeal on the same issue.

{¶ 2} For the following reasons, we affirm the judgment of the court of appeals and hold that the open-and-obvious doctrine remains applicable in cases where the defendant violated the Ohio Basic Building Code.

## II

{¶ 3} Appellant Dorothy Lang is the executor of the estate of her husband, Albert Lang. One evening in early April 1999, the Langs arrived at the Holly Hill Motel, owned by appellee Holly Hill Motel, Inc., and asked to rent a room. Because Mr. Lang was 78 years old, suffered from emphysema, and carried a portable oxygen tank, Mrs. Lang requested a handicapped-accessible room. The motel did not have any such rooms available, but the front desk clerk informed Mrs. Lang that they could have a room that would require them to climb only one step. The Langs rented that room and parked their car outside of it.

{¶ 4} After exiting the car, they discovered that they would actually have to climb two steps to get into the room, and that the steps had no handrails. Mr. Lang successfully climbed the first step with assistance from Mrs. Lang. However, as he attempted to climb the second step, also with Mrs. Lang's assistance, he fell and broke his hip. Mr. Lang ultimately died a little over three months after his fall.

{¶ 5} Mrs. Lang sued the motel for negligence. In her complaint, she alleged that the step Mr. Lang tripped over exceeded the height limitations in the Ohio Basic Building Code and that this violation created a dangerous condition that was exacerbated by the absence of handrails, which were also required under the Building Code. According to Mrs. Lang's expert witness, the first step, which Mr. Lang successfully climbed, was at its lowest point 3.5 inches higher than was permissible under the Building Code and the second step, over which Mr. Lang

fell, was at its lowest point 2.375 inches higher than permissible. The motel filed a third-party complaint against appellee Rodney McCorkle, d.b.a. McCorkle Builders, who allegedly had constructed the part of the motel, including the steps, where this incident occurred.

{¶ 6} The motel and McCorkle moved for summary judgment, arguing that even if the step was constructed in violation of the Building Code, it was nonetheless an open and obvious condition and that they therefore owed no duty of care to the Langs. Mrs. Lang appealed the trial court order of summary judgment for defendants, arguing, inter alia, that the open-and-obvious doctrine is inapplicable and summary judgment is improper when the condition at issue is in violation of the Building Code.

{¶ 7} The court of appeals first determined that the step was an open and obvious condition and that there were no attendant circumstances that distracted the Langs from appreciating the danger of the condition. *Lang v. Holly Hill Motel, Inc.*, 4th Dist. No. 06CA18, 2007-Ohio-3898, ¶ 26–28. The court then recognized that there was a conflict among the appellate districts regarding whether Building Code violations preclude summary judgment when a condition is open and obvious. Id. ¶ 29. After reviewing this court's opinion in *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 697 N.E.2d 198, and decisions from the various districts in conflict, the court of appeals held that a Building Code violation does not negate the application of the open-and-obvious doctrine. Id. ¶ 34. It therefore affirmed the judgment of the trial court entering summary judgment for the defendants. Id. ¶ 35.

{¶ 8} The court then certified its decision as being in conflict with decisions from the First and Tenth District Courts of Appeals. We accepted Lang's discretionary appeal and recognized the certified conflict. 115 Ohio St.3d 1407, 2007-Ohio-4884, 873 N.E.2d 1313; 115 Ohio St.3d 1408, 2007-Ohio-4884, 873 N.E.2d 1314.

**III**

**{¶ 9}** This case requires us to determine whether the open-and-obvious doctrine is applicable to a premises-liability action when the condition that caused the injury violates the Ohio Basic Building Code.

*A. The open-and-obvious doctrine*

**{¶ 10}** To prevail in a negligence action, a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured. *Robinson v. Bates,* 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 21, citing *Menifee v. Ohio Welding Prods., Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E.2d 707. When the alleged negligence occurs in the premises-liability context, the applicable duty is determined by the relationship between the landowner and the plaintiff. *Gladon v. Greater Cleveland Regional Transit Auth.* (1996), 75 Ohio St.3d 312, 315, 662 N.E.2d 287. It is undisputed in this case that the Langs were business invitees of the Holly Hill Motel, and thus the motel had a duty "to exercise ordinary care and to protect the [Langs] by maintaining the premises in a safe condition." *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 68, 28 OBR 165, 502 N.E.2d 611.

**{¶ 11}** However, this duty does not require landowners to insure the safety of invitees on their property. As we have repeatedly recognized, "[t]he open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus, approving and following *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589. "[T]he owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504. Thus, when a plaintiff is

4

injured by an open and obvious danger, summary judgment is generally appropriate because the duty of care necessary to establish negligence does not exist as a matter of law. *Armstrong* ¶ 14–15.

### B.  Exception to the open-and-obvious doctrine

{¶ 12} Mrs. Lang has not appealed the court of appeals' determination that the step was open and obvious.  She argues instead that the open-and-obvious doctrine does not eliminate the landowner's duty of care, and thus summary judgment is inapplicable, when the dangerous condition at issue violates the Building Code.  In short, she is asking for an exception to the open-and-obvious doctrine when the condition that allegedly caused an injury violates the Building Code.

{¶ 13} We recently addressed whether such an exception should exist for cases in which a landowner's failure to comply with a *statutory* duty creates an open and obvious danger.  *Robinson*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195.  In *Robinson*, the plaintiff was injured when she fell in the driveway of a residence that she rented from the defendant.  Id. ¶ 2.  The trial court determined that the driveway, which was under repair at the time, was an open and obvious danger and accordingly entered a directed verdict for the defendant. Id. ¶ 3.

{¶ 14} Upon appeal from the court of appeals, we held that although the open-and-obvious doctrine can excuse a defendant's breach of a common-law duty of care, it does not override statutory duties.  Id. ¶ 25.  The distinction between the two types of duties lies in the fact that the violation of a statutory duty constitutes negligence per se.  Id. ¶ 23–25.  See also *Chambers*, 82 Ohio St.3d at 565, 697 N.E.2d 198, citing *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440.  ("Where a legislative enactment imposes a specific duty for the safety of others, failure to perform that duty is negligence *per se*").

**{¶ 15}** The concept of negligence per se allows the plaintiff to prove the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute; no other facts are relevant. *Chambers* at 565–566, 697 N.E.2d 198, citing *Swoboda v. Brown* (1935), 129 Ohio St. 512, 522, 2 O.O. 516, 196 N.E. 274. We have recognized that when the General Assembly has enacted statutes the violations of which constitute negligence per se, the open-and-obvious doctrine will not protect a defendant from liability. *Robinson*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 25; *Chambers*, 82 Ohio St.3d at 567–568, 697 N.E.2d 198.

C.     *Administrative-rule violations and the open-and-obvious doctrine*

**{¶ 16}** In requesting an exception from the application of the open-and-obvious doctrine for Building Code violations, Mrs. Lang is essentially asking us to elevate administrative-rule violations to the level of negligence per se that we applied to statutory violations in *Robinson*.

**{¶ 17}** However, we rejected this argument in *Chambers*, in which the plaintiff slipped and fell on icy steps and alleged that the defendant had committed several Building Code violations that created the dangerous condition. *Chambers*, 82 Ohio St.3d at 564, 697 N.E.2d 198. He urged us to hold that a violation of the Building Code constitutes negligence per se. Id.

**{¶ 18}** In resolving the issue, we distinguished between duties arising from statutes, which reflect public policy, and duties arising from administrative rules, which are created by administrative agency employees who act to implement the General Assembly's public-policy decisions. *Chambers*, 82 Ohio St.3d at 564, 566-567, 697 N.E.2d 198. "If we were to rule that a violation of the [Building Code] (an administrative rule) was negligence *per se*, we would in effect bestow upon administrative agencies the ability to propose and adopt rules which alter the proof requirements between litigants. Altering proof requirements

is a public policy determination more properly determined by the General Assembly * * *." Id. at 568.

{¶ 19} We also noted that there are innumerable administrative rules adopted each year and that it would be virtually impossible to comply with all of them. Id. Applying negligence per se in this context would thus in effect turn those subject to administrative rules into insurers of third-party safety, something that violates the basic principle of the open-and-obvious doctrine. Id. "Only those relatively few statutes which this court or the General Assembly has determined, or may determine, should merit application of negligence *per se* should receive such status." (Emphasis sic.) Id.

{¶ 20} For those reasons, we declined to extend negligence per se to administrative-rule violations, holding instead that such violations could be admissible as evidence of negligence, but nothing further. Id.

{¶ 21} Our holding there resolves the present issue. Because administrative-rule violations do not create a per se finding of duty and breach of duty, the plaintiff must present evidence to establish those two prongs of the negligence test. While a violation of the Building Code may serve as strong evidence that the condition at issue was dangerous and that the landowner breached the attendant duty of care by not rectifying the problem, the violation is mere evidence of negligence and does not raise an irrebuttable presumption of it. As is the case with all other methods of proving negligence, the defendant may challenge the plaintiff's case with applicable defenses, such as the open-and-obvious doctrine. The plaintiff can avoid such defenses only with a per se finding of negligence, which we declined to extend to this context in *Chambers*.

{¶ 22} Mrs. Lang argues that applying the open-and-obvious doctrine in this manner negates the importance of the regulations and eliminates the penalties for noncompliance. We disagree. Her argument assumes that there will be no circumstances in which a dangerous condition created by a Building Code

violation is not open and obvious. This decision applies only to those cases in which an alleged Building Code violation creates an alleged danger that is allegedly open and obvious to the plaintiff. There is little difference in this regard between an open and obvious condition that arises from an administrative-rule violation and one that arises from other circumstances; in either case, the plaintiff is responsible for his or her own decision to proceed through a known danger.

{¶ 23} Moreover, this decision will not provide a disincentive for landowners to comply with the Building Code. In addition to the possibility that a condition arising from a violation will not be open and obvious, there are numerous statutory penalties that may be levied against landowners who commit violations. See R.C. 3781.15 (providing for injunctions for violations of the Building Code) and 3781.99(B) and (C) (providing for fines and criminal penalties for such violations). The potential for civil liability and the threat of statutory penalties for noncompliance are powerful disincentives to landowners who contemplate violating the Building Code.

{¶ 24} Therefore, we hold that the open-and-obvious doctrine may be asserted as a defense to a claim of liability arising from a violation of the Ohio Basic Building Code.

### IV

{¶ 25} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

O'CONNOR and LANZINGER, JJ., concur in judgment only.

PFEIFER, J., dissents.

_____

**LANZINGER, J., concurring in judgment only.**

8

{¶ 26} Today, the majority holds that the open-and-obvious doctrine may be asserted as a defense to a claim of liability arising from a violation of the Ohio Basic Building Code. In reality, this is more than a defense—it is a complete bar to a claim of negligence.

{¶ 27} 2 Restatement of the Law 2d, Torts (1965), Section 343A(1), states, "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*" (Emphasis added.) Comment *f* further explains: "There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm."

{¶ 28} Courts from other jurisdictions have adopted the foreseeability rule of Section 343A.[2] These courts have abolished the traditional common-law defense of open and obvious danger, which completely bars recovery if the danger is known by, or is obvious to, the plaintiff. This court, however, rejected the view expressed in Section 343A in *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13. While I believe that Section

---

2. *Kremer v. Carr's Food Ctr., Inc.* (Alaska 1969), 462 P.2d 747; *Courtney v. Allied Filter Eng., Inc.* (1989), 181 Ill.App.3d 222, 536 N.E.2d 952; *Douglass v. Irvin* (Ind.1990), 549 N.E.2d 368; *Konicek v. Loomis Bros., Inc.* (Iowa 1990), 457 N.W.2d 614; *Murray v. E. Maine Med. Ctr.* (Me.1982), 447 A.2d 465; *Riddle v. McLouth Steel Prods. Corp.* (1992), 440 Mich. 85, 485 N.W.2d 676; *Adee v. Evanson* (Minn.1979), 281 N.W.2d 177; *Burns v. Veterans of Foreign Wars* (1989), 231 Neb. 844, 438 N.W.2d 485; *Klopp v. Wackenhut Corp.* (1992), 113 N.M. 153, 824 P.2d 293; *S. Ry. Co. v. ADM Milling Co.* (1982), 58 N.C.App. 667, 294 S.E.2d 750; *Carrender v. Fitterer* (1983), 503 Pa. 178, 469 A.2d 120.

343A is the better rule, stare decisis demands that our precedent to the contrary must be respected.

{¶ 29} I also agree with the sentiment recently expressed by the dissent in *Uddin v. Embassy Suites Hotel*, 113 Ohio St. 3d 1249, 2007-Ohio-1791, 864 N.E.2d 638, ¶ 16 (O'Connor, J., dissenting): "As the lead opinion of the court of appeals recognized, '[w]hen we are considering a motion for summary judgment, to ignore a party's purported violation of an administrative rule that is supported by some evidence would vitiate the legal significance of an administrative rule. For instance, in a case wherein summary judgment is sought and application of the open-and-obvious rule is disputed, if a defendant's purported violation of the administrative code that was supported by some evidence were ignored, a party could violate an administrative rule, thereby possibly endangering public safety, yet be insulated from liability because such a violation constituted an open-and-obvious condition.' 165 Ohio App.3d 699, 2005-Ohio-6613, 848 N.E.2d 519, ¶ 37. To hold otherwise, we would have to defy the legal significance of administrative rules and suspend common sense."

{¶ 30} Appellant Dorothy Lang does not contest in this court the determinations of the trial court and court of appeals that the steps upon which her husband fell were an open and obvious condition. If she had, in my view this case would not have been appropriate for resolution by summary judgment. The alleged building code violations combined with other factors (that it was night, that the steps and sidewalk were uniform in color) would have created a genuine issue over whether the condition was indeed open and obvious. And simply allowing the jury to consider evidence of the alleged building code violations would not establish negligence per se. As the majority notes, "[w]hile a violation of the Building Code may serve as *strong evidence that the condition at issue was dangerous and that the landowner breached the attendant duty of care* by not

rectifying the problem, the violation is mere evidence of negligence, and does not raise an irrebuttable presumption of it." (Emphasis added.) Majority opinion, ¶ 21.

**{¶ 31}** I believe that the facts in this case come within the exception to the lack of duty as set forth in Restatement of the Law 2d, Torts (1965), Section 343A(1), that being the concept of anticipated harm from an obvious condition. Nevertheless, because this court has not adopted that exception, and based on this court's earlier holding in *Armstrong* that an open and obvious condition bars a negligence action because of lack of duty, I concur in judgment only.

O'CONNOR, J., concurs in the foregoing opinion.

_____

**PFEIFER, J., dissenting.**

**{¶ 32}** Albert Lang was injured while on the premises of the Holly Hill Motel, allegedly, at least in part, because of building code violations. This court today decides that Mr. Lang's widow cannot proceed with a lawsuit, because the building code violations that allegedly caused, at least in part, Mr. Lang's injuries, and hastened his death, were open and obvious. This court again embraces the legal concept that " '[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises,' " quoting *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus. In doing so, this court clings to the past and ignores a modern trend in the law.

**{¶ 33}** The open-and-obvious doctrine is a holdover from the days of contributory negligence. Id. at ¶ 17 (Pfeifer, J., dissenting). Now that contributory negligence has been replaced by the General Assembly with comparative fault, R.C. 2315.32 through 2315.36, the open-and-obvious doctrine should not be an absolute bar to recovery. 1 Comparative Negligence Manual (3d Ed.1995 & Supp.2003), Section 1:23 ("several jurisdictions have concluded that the adoption of comparative negligence requires abolition of the 'no duty' rule providing that a possessor of land owes no duty to warn a person on the premises,

such as an invitee or a licensee, of open and obvious dangers. The rationale is that this rule is incompatible with comparative negligence principles, since its effect would be to resurrect contributory negligence as an absolute bar to recovery in certain cases involving premises liability" [footnote omitted]).

**{¶ 34}** The unfairness of the open-and-obvious doctrine has been recognized by many commentators and courts. One commentator has stated that "[a]n undeniable legal error is committed every time a court bars recovery to an injured person based solely on the fact that the perilous nature of the alleged cause of harm was 'apparent to all,' without any consideration of the multitude of other factors which may justify or excuse the plaintiff's conduct." Phillips, Assumption of the Risk Returns in Disguise as the Open and Obvious Doctrine Defense, 30 ISBA Tort Trends (1995) 4, 10. The modern trend is away from application of the open-and-obvious doctrine. *Tharp v. Bunge Corp.* (Miss.1994), 641 So.2d 20, 24 ("Emerging from other jurisdictions is a modern trend toward holding that the obviousness of a danger does not necessarily relieve the owner's duty of care"); *Ward v. K Mart Corp.* (1990), 136 Ill.2d 132, 150, 554 N.E.2d 223 ("The manifest trend of the courts in this country is away from the traditional rule absolving, *ipso facto*, owners and occupiers of land from liability for injuries resulting from known or obvious conditions"). In *Coln v. Savannah* (Tenn.1998), 966 S.W.2d 34, 43, overruled on other grounds, *Cross v. Memphis* (Tenn.2000), 20 S.W.3d 642, 644, the Supreme Court of Tennessee joined this trend in concluding that an open and obvious danger "does not, *ipso facto,* relieve a defendant of a duty of care. Instead, the duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm."

**{¶ 35}** I agree with the Supreme Court of New Mexico that "[a] risk is not made reasonable simply because it is made open and obvious to persons exercising ordinary care." *Klopp v. Wackenhut Corp.* (1992), 113 N.M. 153, 157,

824 P.2d 293. I also agree with that court's holding that "it is for the jury to decide in virtually every case whether a dangerous condition on the premises involved 'an unreasonable risk of danger to a business visitor' and whether the occupier 'should reasonably anticipate that the business visitor will not discover or realize the [obvious] danger.' " Id. at 158-159, quoting New Mexico Uniform Jury Instructions, 13–1310, citing *Harrison v. Taylor* (1989), 115 Idaho 588, 768 P.2d 1321 (abolishing open-and-obvious-danger doctrine in light of adoption of comparative negligence); *Cox v. J.C. Penney Co.* (Miss.1987), 741 S.W.2d 28 (same); *Woolston v. Wells* (1984), 297 Or. 548, 687 P.2d 144 (same); *Parker v. Highland Park, Inc.* (Tex.1978), 565 S.W.2d 512 (same); *Hale v. Beckstead* (Utah 2005), 116 P.3d 263 (same); *O'Donnell v. Casper* (Wyo.1985), 696 P.2d 1278 (same). I would abrogate the open-and-obvious doctrine.

{¶ 36} In the case before us, the dangers were open because they were not hidden, but they were not obvious. The presence or absence of a handrail is not obvious until one reaches for it and it is either there or not. The proper height of a step, as prescribed by building codes, is not obvious, especially to a nonprofessional, without taking measurements. The building code violations that allegedly caused Mr. Lang's injuries were open, but they were not obvious. This case presents an example of why the open-and-obvious doctrine should be abrogated: it does not allow the consideration of all the factors that are relevant to determine negligence or fault.

{¶ 37} Even so, it is not necessary to abrogate the open-and-obvious doctrine to properly resolve this case. Building code violations are different from other open and obvious dangers because building codes are administrative rules and therefore "are to be given the force and effect of law." *Doyle v. Ohio Bur. of Motor Vehicles* (1990), 51 Ohio St.3d 46, 554 N.E.2d 97, paragraph one of the syllabus. This is so because " '[t]he purpose of administrative rulemaking is to facilitate the administrative agency's placing into effect the policy declared by the

General Assembly in the statutes to be administered by the agency. In other words, administrative agency rules are an administrative means for the accomplishment of a legislative end.' " Id. at 47, quoting *Carroll v. Dept. of Adm. Servs* (1983), 10 Ohio App.3d 108, 110, 10 OBR 132, 460 N.E.2d 704. See *Youngstown Sheet & Tube Co. v. Lindley* (1988), 38 Ohio St.3d 232, 234, 527 N.E.2d 828, quoting *Kroger Grocery & Baking Co. v. Glander* (1948), 149 Ohio St. 120, 125, 36 O.O. 471, 77 N.E.2d 921 ("An administrative rule, '* * * issued pursuant to statutory authority, has the force and effect of law unless it is unreasonable or is in clear conflict with statutory enactment governing the same subject matter' "). The majority opinion minimizes the standing of administrative rules, relying on *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 697 N.E.2d 198, and clearly considers them not worthy of the force and effect of law. There is even the suggestion that because administrative rules are changed so frequently, compliance with them is virtually impossible and, therefore, apparently optional. I do not have such a blasé attitude toward administrative rules. They are the law, unless unreasonable or contrary to statute, and compliance with them is mandatory; the failure to comply with them should have consequences.

{¶ 38} I agree with the majority opinion that the violation of an administrative rule, in this case, a building code, should not be negligence per se. See id. at 568, 697 N.E.2d 198 ("we hold that the violation of an administrative rule does not constitute negligence *per se*"). Because administrative rules are law, however, I do not believe that this court should, in essence, look the other way when the violation of a building code provision allegedly results in injury. Instead, I believe that when a material building code violation allegedly causes an injury, the building code violation is evidence of negligence sufficient to get the plaintiff past summary judgment, even when the defendant asserts the anachronistic open-and-obvious doctrine. I dissent.

14

_____

Manley Burke, L.P.A., Emily T. Supinger, and Matthew W. Fellerhoff, for appellant.

Sowash, Carson & Ferrier, L.P.A., Herman A. Carson, and Beth B. Ferrier, for appellee Holly Hill Motel.

Weston Hurd, L.L.P, Kevin R. Bush, and Steven G. Carlino, for appellee Rodney McCorkle.

Gallagher Sharp and Timothy J. Fitzgerald, urging affirmance for amicus curiae, Ohio Association of Civil Trial Attorneys.

_____