**[Cite as *Ventresco v. Ohio State Univ. Wexner Med. Ctr.*, 2018-Ohio-4955.]**

| | |
|---|---|
| ARIEL VENTRESCO, etc. | Case No. 2017-00466JD |
| Plaintiff | Magistrate Anderson M. Renick |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| THE OHIO STATE UNIVERSITY WEXNER MEDICAL CENTER | |
| Defendant | |

**{¶1}** Plaintiff brings this action alleging negligence. The case proceeded to trial on the issues of liability and damages.[1] This case arises from injuries plaintiff, Ariel Ventresco, sustained on November 11, 2015 when she fell at the Ohio State University Hospital East (OSU East). After attempting to visit a friend, whom she thought was a patient at OSU East, plaintiff proceeded from the hospital toward her car, which was in a parking lot across Hawthorne Avenue. Plaintiff tripped on a curb and fell into a median that borders the parking lot and the street. Plaintiff was injured when she fell onto a metal bolt that protruded from the mulched area within the median.

**{¶2}** Plaintiff testified that she was visiting a friend in the hospital who was going through a difficult pregnancy. Plaintiff's fiancé, Anthony Curry, and her infant son, Sora, accompanied her to OSU East. Plaintiff related that they parked in a parking lot across the street from OSU East, and she did not notice the dedicated walkway between the parking lot and the hospital.

**{¶3}** Plaintiff explained that when she left the hospital she saw two individuals who were walking through the mulched area. Plaintiff testified that she believed the individuals were OSU East employees because they were wearing scrubs, and she

---

[1]Without objection, defendant's July 19, 2018 motion in limine to preclude evidence regarding plaintiff's medical treatment after November 28, 2015 is GRANTED.

followed them through the parking lot toward the mulched area. Plaintiff explained that she tripped over a curb and fell into the mulch, whereupon a rusty bolt that was secured into the ground impaled her left leg, causing a puncture injury. (Plaintiff's Exhibit 1.) Plaintiff stated that the mulched area looked worn down and walked through.

{¶4} Plaintiff returned to OSU East for medical treatment. Plaintiff testified that she experienced severe pain, bruising, and cramping in the area that was injured. Plaintiff explained that she subsequently received additional treatment at Fairfield Medical Center and Grant Medical Center.

{¶5} Anthony Curry, plaintiff's fiancé, accompanied her at the time she was injured, and he testified that he did not see her fall because he was watching their son, Sora. Curry explained that he was not aware that the bolt was in the ground until after the incident.

{¶6} Al Smith testified that he has served as the assistant director of facility services at OSU East since 2003, and that he is responsible for maintenance and electrical services at OSU East, including landscaping adjacent to the parking lots. Smith explained that independent contractors perform landscaping on a quarterly basis, excluding mowing and watering. Further, he testified that mulch was applied once each year in the spring and that hospital maintenance staff are not responsible for mulching.

{¶7} Smith testified that he became aware of maintenance issues through reports from various sources, including a work order system, individual reports, and an employee who inspects the hospital exterior. Smith stated that he was not aware of the bolts in the mulch until after plaintiff fell and became injured. During cross-examination, Smith acknowledged that plaintiff was injured on defendant's property and he testified that he determined that a light post had once been installed in the area where plaintiff fell.

{¶8} "To prevail in a negligence action, a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and

(3) the defendant's breach proximately caused the plaintiff to be injured." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, ¶ 10. "Under Ohio common law of premises liability, the status of the person who enters upon the land of another, specifically, trespasser, licensee, or invitee, defines the scope of the legal duty that a landowner owes the entrant." *Kleisch v. Cleveland State Univ.*, 10th Dist. Franklin No. 05AP-289, 2006-Ohio-1300, ¶ 11.

**Status**

{¶9} "Invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner." *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315 (1996). "The status of an invitee is not absolute but is limited by the landowner's invitation. '* * * The visitor has the status of an invitee only while he is on part of the land to which his invitation extends -- or in other words, the part of the land upon which the possessor gives him reason to believe that his presence is desired for the purpose for which he has come * * * If the invitee goes outside of the area of his invitation, he becomes a trespasser or a licensee, depending upon whether he goes there without the consent of the possessor, or with such consent.'" *Id.* at 315*,* quoting 2 Restatement of the Law 2d, Torts (1965) 181-182, Section 332, Comment l.

{¶10} Furthermore, "where an entrant upon another's land exceeds the scope of the landowner's invitation, the entrant will lose the status of an invitee, and become either a licensee or trespasser." *Id.* "The test for construing the scope of the invitation is objective and would depend upon how a reasonable person would interpret the purpose for which the land is held open and for which the possessor desires visitors to enter. *Blair v. Ohio Dept. of Rehab. & Corr.*, 61 Ohio Misc. 2d 649, 656-657 (Ct. of Cl.1989). Relevant considerations include the possessor's conduct, the nature of the business conducted on the premises, and the arrangement and design of the premises." *Conniff v. Waterland, Inc.*, 118 Ohio App.3d 647, 651 (11th Dist.1997).

{¶11} Although defendant contends that plaintiff had exceeded the scope of her invitation when she walked into the mulched border between the parking lot and Hawthorne Avenue, the court finds that plaintiff and her family remained invitees during their visit at OSU East. It is apparent that the mulched area was worn down by pedestrian use and plaintiff observed hospital employees walking through the mulched area. Based upon the design of the parking area, the court finds that it was reasonable for plaintiff to believe that she could safely proceed through the mulched area and that defendant should have anticipated that visitors might choose that route. The court finds that plaintiff did not exceed the landowner's invitation and lose her status as an invitee when she traversed the parking lot through the mulched area.

**Duty**

{¶12} "It is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition." *Conniff at 651.* "This duty includes maintaining the premises in a reasonably safe condition and warning an invitee of latent or concealed defects of which the possessor has or should have knowledge. However, it is also well-established that balanced against this duty, the owner of premises is not to be held as an insurer against all forms of risk." *Baldauf v. Kent State Univ.*, 49 Ohio App.3d 46, 48 (10th Dist.1988) (citations omitted). "Where negligence revolves around the existence of a hazard or defect, the legal principle prevails that notice, either actual or constructive, of such hazard or defect is a prerequisite to the duty of reasonable care." *Heckert v. Patrick*, 15 Ohio St.3d 402, 405 (1984).

{¶13} "Actual notice exists when the relevant information has been permanently communicated to or received by the noticed party in the form of express or direct information." *Sparre v. Ohio Dept. of Transp.,* Franklin App. No. 12AP-381, 2013-Ohio-4153, ¶ 23 (10th Dist.). "Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Id.* "To

support an inference of constructive notice, plaintiff may submit evidence to establish the length of time that a condition existed and thereby show that the defendant should have acquired knowledge of its existence." *Pressley v. Norwood,* 36 Ohio St.2d 29, 331 (1973).

**Open and Obvious**

{¶14} Although the owner of premises generally owes a duty of ordinary care "the liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon." 38 American Jurisprudence, 757, Negligence, Section 97, as cited in *Debie v. Cochran Pharmacy Berwick, Inc.*, 11 Ohio St.2d 38, 40 (1967). There is no duty on the part of a premises owner to warn or protect an invitee of a hazardous condition, where the condition is so obvious and apparent that the invitee should reasonably be expected to discover the danger and protect herself from it. *Parsons v. Lawson Co.*, 57 Ohio App.3d 49 (5th Dist. 1989); *Blair v. Ohio Department of Rehabilitation and Correction*, 61 Ohio Misc.2d 649 (Ct. of Cl. 1989). This rationale is based on principles that an open and obvious danger is itself a warning and the premises owner may expect persons entering the premises to notice the danger and take precautions to protect themselves from such dangers. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 1992-Ohio-42. The open and obvious doctrine is determinative of the threshold issue, the landowner's duty. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573 at ¶ 13. If an alleged hazard is open and obvious, whether plaintiff can prove the elements of negligence other than duty is superfluous. *Horner v. Jiffy Lube Internatl., Inc.*, 10th Dist. No. 01AP-1054, 2002-Ohio-2880, at ¶ 17.

{¶15} Open and obvious hazards are those conditions that are neither hidden nor concealed from view and are discoverable by ordinary inspections. *Parsons v. Lawson, supra.* "[T]he dangerous condition at issue does not actually have to be observed by

the plaintiff in order for it to be an 'open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable." *Lydic v. Lowe's Cos., Inc.*, 10th Dist. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10. Put another way, "the crucial inquiry is whether 'a customer exercising ordinary care under [the] circumstances would have seen and been able to guard him or herself against the condition.'" *Kidder v. The Kroger Company*, 2nd Dist. No. 20405, 2004-Ohio-4261, at ¶ 11, citing *Youngerman v. Meijer, Inc.*, 2nd Dist. No. 15732, 1996 Ohio App. LEXIS 4046 (Sept. 20, 1996). A determination of liability depends largely on the facts of a particular case where the issue involved relates to the open and obvious doctrine. *Lawson v. Columbia Gas of Ohio, Inc.*, 20 Ohio App.3d 208 (10th Dist.1984).

{¶16} Attendant circumstances may create a genuine issue of fact as to a determination of whether or not a danger was open and obvious. *Quinn v. Montgomery County Educational Serv. Ctr.*, 2nd Dist. No. 20596, 2005-Ohio-808; *Collins v. McDonald's Corp.*, 8th Dist. No. 83282, 2004-Ohio-4074. While no precise definition of attendant circumstances exists, generally such circumstances include any distraction that would come to the attention of a pedestrian in the same situation and therefore reduce the degree of care an ordinary person would exercise at the time for her own safety. *See McGuire v. Sears Roebuck and Co.*, 118 Ohio App.3d 494 (1st Dist.1996). The phrase attendant circumstances refers to all circumstances surrounding the event, such as the time and place, the environment or background, and conditions existing that would unreasonably increase the normal risk of a harmful result of the event. *See Cash v. Cincinnati*, 66 Ohio St.2d 319, 324 (1981). An attendant circumstance is a factor that contributes to the fall and is beyond the control of the injured party. *Backus v. Giant Eagle, Inc.*, 115 Ohio App.3d 155, 158 (7th Dist.1996).

{¶17} The court finds that the curb upon which plaintiff tripped was an open and obvious condition. The curb at issue was observable and discoverable upon ordinary inspection and was not concealed from view. Plaintiff has not presented any credible

evidence to explain how any attendant circumstances which were beyond her control contributed to the fall.

{¶18} Although defendant owed no duty to warn plaintiff of the open and obvious danger of the curb, the court finds that the rusty bolt was a latent or concealed hazard about which defendant either had or should have had knowledge. Defendant's employees worked in and around the mulched area and, although Smith testified that hospital maintenance staff did not apply the mulch, he acknowledged that defendant's employees were responsible for maintenance of the area. Based upon the evidence, the court finds that the hazard existed for a sufficient length of time such that defendant had at least constructive knowledge of the rusty bolts.

{¶19} Regarding whether the concealed hazard was a proximate cause of plaintiff's injury, proximate cause is generally established "where an original act is wrongful or negligent and, in a natural and continuous sequence, produces a result that would not have taken place without the act." *Whiting v. State Dept. of Mental Health*, 141 Ohio App.3d 198, 202 (10th Dist.2001), citing *Strother v. Hutchinson*, 67 Ohio St.2d 282, 287 (1981). "'Proximate causation' is described as 'some reasonable connection between the act or omission of the defendant and the damage the plaintiff has suffered.'" *Marsh v. Heartland Behavioral Health Ctr.*, 10th Dist. Franklin No. 09AP-630, 2010-Ohio-1380, ¶ 40, quoting Prosser & Keeton, *The Law of Torts*, Section 41, 263 (5th Ed.1984). While the connection between a defendant's act or omission and a plaintiff's injury may be broken by an intervening cause, that intervening cause must not have been foreseeable by the defendant. *Marsh* at ¶ 40-42. "'It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to some one.'" *Harper v. Lefkowitz*, 10th Dist. Franklin Nos. 09AP-1090 & 09AP-1116, 2010-Ohio-6527, ¶ 27, quoting *Mudrich v. Std. Oil Co.*, 153 Ohio St.31, 39 (1950); *see also Zachariah v. Roby*, 178 Ohio App.3d 471, 2008-Ohio-4832, ¶ 44 (10th Dist.) ("The injury must have been reasonably foreseeable; not that the

defendant had to anticipate the particular injury that occurred, just that it could be reasonably anticipated that some type of injury would occur from the negligent act.").

{¶20} Based upon the circumstances of this case, the court finds that the rusty bolts were a foreseeable hazard for individuals walking between the parking lots and the hospital. Considering the arrangement and design of the parking lot and the condition of the mulched area, it was reasonably foreseeable that hospital visitors would walk through the median between the parking lots and the hospital. Indeed, the evidence was sufficient to prove by a preponderance of the evidence that defendant's employees traversed the median. Furthermore, it was reasonably foreseeable that the concealed rusty bolts could result in some type of injury to pedestrians. The court concludes that defendant breached its duty of care and that plaintiff's injury was a proximate result of defendant's negligence.

**Comparative Negligence**

{¶21} "Under the comparative negligence statute, the factfinder apportions the percentage of each party's negligence that proximately caused the plaintiff's damages. R.C. 2315.19(B). A plaintiff may recover where his contributory negligence is equal to or less than the combined negligence of all the defendants. R.C. 2315.19(A)(2)." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 646 (1992).

{¶22} Based upon the foregoing, and weighing plaintiff's comparative negligence against that of defendant, the court finds that plaintiff has proven her claim of negligence by a preponderance of the evidence. The court further finds that the degree of fault attributable to plaintiff for failing to use reasonable care to ensure her own safety is 50 percent. Accordingly, judgment is recommended in favor of plaintiff with a 50 percent reduction in any award for damages.

**Damages**

{¶23} After her treatment at OSU East, plaintiff received additional treatment at the Fairfield Medical Center and Grant Medical Center. She required an emergency room visit on November 28th because she experienced an infection and pain in her leg. Plaintiff testified that she incurred $7,706.80 in medical bills, which were covered by Medicaid. Plaintiff testified that a $904 subrogation lien remains on her medical bills.

{¶24} Plaintiff testified that she worked at a Gap warehouse and her job involved walking approximately ten miles per day to retrieve products off shelves. She earned $11.50 per hour at her job. Plaintiff stated that after her injury, she missed 12.5 hours of work on November 15th and 16th, 22 hours on November 21st, and 11 hours on December 6th, which resulted in wage loss in the amount of $523.25.

{¶25} She testified that it took three months for her to fully recover from her injuries, and during that time she was not able to help around her home, and she missed family events or could not participate in family holidays. Plaintiff explained that at the time of her injury, her son was three months old and, as a result of the antibiotics she was required to take, she had to stop breastfeeding. Plaintiff testified that this impacted her greatly, and it "broke" the bond between herself and her son. Additionally, she was unable to play with her son for a period of time because it was difficult for her to lie down.

{¶26} She testified that she continues to experience pain and tightness, especially when she stands or walks too much. She also testified that she has a permanent scar and that she wears clothing that will cover her legs because she is self-conscious about the scar.

{¶27} Curry testified that plaintiff's injury impeded her walking and he performed most of the household duties while she was injured. He explained that plaintiff's inability to work and the resulting economic loss added stress to their lives. Further, he stated

that plaintiff's inability to breastfeed caused her emotional distress and impacted her mood.

{¶28} The court finds plaintiff is entitled to damages in the amount of $523.25 for her lost wages, $904 for the subrogation lien, and $15,000 for non-economic damages, including but not limited to, her pain and suffering. Additionally, on plaintiff's son's claim for loss of parental consortium, the court finds that Sora Matthew Curry is entitled to $2,000 for the loss of companionship, society, comfort, love, and solace of his mother during the period of her injury and recovery. *Fehrenbach v. O'Malley*, 113 Ohio St.3d 18, 2007-Ohio-971, ¶ 6, citing *Gallimore v. Children's Hosp. Med. Ctr.*, 67 Ohio St.3d 244, 1993 Ohio 205 (1993).

{¶29} Accordingly, judgment is recommended in favor of plaintiff in the amount of $9,238.63, which represents $18,427.25, reduced by 50 percent based upon plaintiff's comparative negligence, plus the $25 filing fee.

{¶30} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

ANDERSON RENICK
Magistrate

**Filed November 30, 2018**
**Sent to S.C. Reporter 12/10/18**